IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| CYNTHIA EASLEY and TERRY EASLEY, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 6:21-cv-06125-SOH |
| v. | ) ) | (Class Action) |
| TERESA HOWELL in her official capacity as PROSECUTING ATTORNEY FOR MALVERN/HOT SPRING COUNTY, MIKE CASH in his official capacity as HOT SPRING COUNTY SHERIFF, Defendants. | ) ) ) ) ) ) ) | |

### **DEFENDANT SHERIFF MIKE CASH'S MOTION TO DISMISS**

Defendant Mike Cash, in his capacity as Sheriff for Hot Spring County, Arkansas, for his Motion to Dismiss the Complaint filed by Plaintiffs Cynthia Easley and Terry Easley, states:

1. Plaintiffs allege that Arkansas Code Annotated § 18-16-101, or the "Municipal Eviction Statute," is unconstitutional on its face, claiming that the statute violates the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment's prohibition against cruel and unusual punishment, and the Excessive Fines Clause of the Eighth Amendment.

2. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' Compliant should be dismissed with prejudice.

3. History demonstrates that the Municipal Eviction Statutes is constitutional. The Arkansas Supreme Court has upheld the Municipal Eviction Statute on multiple occasions. Moreover, the version of the Municipal Eviction Statute declared unconstitutional by a handful of

1

Arkansas trial courts (and relied upon by Plaintiffs) has been legislatively amended to the identical versions previously upheld by the Arkansas Supreme Court.

4. The Municipal Eviction Statute does not criminalize poverty and is not a cruel and unusual punishment. In reality, the Municipal Eviction Statute only criminalizes an individual's *retention of private property* in defiance of the owner's right of possession. Plaintiffs have failed to meet the heavy burden of a facial challenge—establishing that the Municipal Eviction Statute is not constitutional under any circumstances.

5. The Municipal Eviction Statute is not an unconstitutional use of the state's police power. The State of Arkansas has a significant interest in protecting the private property rights of its citizens. Plaintiffs' argument that the Municipal Eviction Statute is not rationally related to a legitimate government objective fails, and Plaintiffs have not met the heavy burden associated with a facial challenge to the statute.

6. The Municipal Eviction Statute does not violate Plaintiffs' procedural due process rights. Plaintiffs make no argument that the Municipal Eviction Statute itself is unconstitutionally vague – only that an eviction notice served pursuant to the statute may be vague. But even if some eviction notices do not provide certain information, it does not make the Municipal Eviction Statute facially unconstitutional because a hearing may still be had. The possibility that a property owner may lie to establish an eviction is of no moment either. If that occurs, there are other remedies in the law that are less drastic than declaring a statute unconstitutional. Likewise, the Municipal Eviction Statute does not violate Plaintiffs' procedural due process rights by having no cap on charges or fines or by not considering Plaintiffs' ability to pay.

7. The Municipal Eviction Statute does not violate the Equal Protection Clause because all tenants are similarly situated and treated alike under the statute.

8. The Municipal Eviction Statute does not impose excessive fines because the maximum fine is admittedly the equivalent to the median gross rent across the state of Arkansas.

9. Plaintiffs' Complaint lacks a justiciable case or controversy. Plaintiffs lack standing and their claims are moot. Moreover, the Complaint lacks adversity.

10. When addressing a Rule 12(b)(6) motion, the rule is that a court must ignore matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). The only exceptions are for (1) materials that are necessarily embraced by the complaint, and (2) materials that are part of the public record. *Id*; *see also Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017) and *Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002). Accordingly, this Court may consider the following exhibits which are either embraced by the Complaint or are matters of public record cited and referred to by the parties:

    a. The Motions to Nolle Prosequi Plaintiffs in this matter are attached to the Motion to Dismiss as Exhibit 1.

    b. The Municipal Eviction Statute first enacted by the Arkansas legislature in 1901 is attached to the Motion to Dismiss as Exhibit 2.

    c. The Municipal Eviction Statute, which remained largely untouched until 2001 and was upheld as constitutional by the Arkansas Supreme Court on two separate occasions is attached to the Motion to Dismiss as Exhibit 3.

    d. The Municipal Eviction Statute revised in 2001 is attached to the Motion to Dismiss as Exhibit 4.

    e. The Municipal Eviction Statute as amended in 2017 is attached to the Motion to Dismiss as Exhibit 5.

  f.  Defendant Artoria Smith's Motion to Dismiss in *State v. Smith* is attached to the Motion to Dismiss as Exhibit 6.

  g.  The Order from the Circuit Court of Pulaski County, Arkansas, in *State v. Smith* is attached to the Motion to Dismiss as Exhibit 7.

  h.  The Order from the Circuit Court of Poinsett County, Arkansas, in *State v. Jones* is attached to the Motion to Dismiss as Exhibit 8.

  i.  The Order from the Circuit Court of Woodruff County, Arkansas, in *State v. Bledsoe* is attached to the Motion to Dismiss as Exhibit 9.

11. Contemporaneously with this motion to dismiss, Defendant files his brief in support of the motion to dismiss.

WHEREFORE, Defendant Mike Cash, in his capacity as Sheriff for Hot Spring County, Arkansas, prays that the Court enter an Order, dismissing the Complaint in this matter with prejudice, awarding Defendant his attorneys' fees, costs, and expenses to defend this matter, and awarding Defendant all other relief to which Defendant is entitled.

    Respectfully submitted,

    George Hopkins, Ark. Bar No. 87085
    Attorney for Hot Spring County, Arkansas
    Post Office Box 913
    Malvern, Arkansas 72104
    (501) 318-5998
    georgeh@swatco.com

    *Attorney for Sheriff Mike Cash*