IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CYNTHIA EASLEY and TERRY
EASLEY, on behalf of themselves
and others similarly situated                                                        PLAINTIFFS

v.                                              Case No. 6:21-cv-6125

TERESA HOWELL in her official capacity
as PROSECUTING ATTORNEY FOR
MALVERN/HOT SPRING COUNTY;
MIKE CASH in his official capacity as
HOT SPRING COUNTY SHERIFF                                                            DEFENDANTS

## ORDER

Before the Court is Defendants' Joint Motion to Stay. ECF No. 27. Plaintiffs have responded. ECF No. 31. The Court finds the matter ripe for consideration.

Plaintiffs' complaint seeks to have the Court declare a specific Arkansas statute unconstitutional and enjoin Defendants from enforcing it against Plaintiffs. ECF No. 2, p. 34-35. Defendants have each filed motions to dismiss Plaintiffs' complaint. ECF Nos. 13 and 15. In the instant motion, Defendants have moved to stay discovery in this matter pending the resolution of each Defendant's motion to dismiss. ECF No. 27, p. 2. Defendants assert that staying this matter until those dispositive motions are ruled upon would "avoid undue burden and expense." *Id*. Plaintiffs have responded in opposition. ECF No. 31. Plaintiffs argue that Defendants have failed to show that there is good cause to support their request for a stay of discovery. *Id*.

For good cause, a court may issue an order staying discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1)(A). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American*

*Co.*, 299 U.S. 248, 254 (1936). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations omitted). The standard governing a court's consideration of a motion to stay requires evaluating four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (quotation omitted). When evaluating a motion to stay discovery due to the pendency of dispositive motions, some courts in the 8th Circuit have added the consideration of judicial economy. *See United States ex rel. Donegan v. Anethesia Associates of Kansas City, PC*, 2014 WL 12618074, at *1 (W.D. Mo. 2014). "The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery." *Id*.

   The whole of Defendants' argument for the stay is that "It is in the best interest of justice and would avoid undue burden and expense if discovery in this case be stayed until the Court rules on the Defendants' motions to dismiss." ECF No. 27, p. 2. Plaintiffs argue that Defendants have failed to establish good cause for a stay of discovery as required by Rule 26(c). ECF No. 31. Plaintiffs contend that Defendants have not attempted to show how their request for a stay satisfies each of the applicable factors in evaluating a request for a stay. *Id*. Plaintiffs further contend that an examination of each of those factors supports denying Defendants' motion and allowing discovery to proceed while the dispositive motions are pending. *Id*. Specifically, Plaintiff contends that Defendants' chances of success on the merits are too indeterminate, that the discovery burdens in this matter are low and unlikely to injure Defendants, that staying this matter will injure Plaintiffs because it would prolong the threat of prosecution, and that judicial economy favors not staying this matter because it might delay final resolution. *Id*. at p. 3-5.

The Court finds that Defendants have not shown good cause for the instant motion. As to the first factor, Defendants did not make any argument regarding their likelihood to succeed on the merits and the Court does not view Plaintiffs' complaint as clearly frivolous or wholly lacking in substance. For the second factor, Defendants have put forth the assertion that they will incur undue burden and expense if discovery proceeds and the Court subsequently grants the dispositive motions. However, Defendants have provided no further depth to this argument and the Court views Plaintiffs' claims, which challenge the constitutionality of a statute, as not requiring significant or onerous factual discovery. For the third factor, Defendants did not address potential injury to Plaintiffs, while Plaintiffs' response contends that the prolonged threat of prosecution under the challenged statute would be injurious. As to the public interest factor, Defendants have not identified any public interest that supports the instant motion, and the Court cannot readily identify a distinct public interest that supports staying this matter. Finally, the additional judicial economy factor favors having this matter proceed without any delay. Accordingly, the Court finds that Defendants have not carried their burden of showing that there is good cause to stay discovery in this matter due to the pendency of their dispositive motions. *See Nken v. Holder*, 556 U.S. at 433-34.

For the reasons stated above, Defendants' Joint Motion to Stay (ECF No. 27) is hereby **DENIED**.

**IT IS SO ORDERED**, this 21st day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge